UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WILLOWBROOK INVESTMENTS, LLC, | Plaintiff, |
| v. | Civil Action No. 3:17-cv-522-DJH-CHL |
| MARYLAND CASUALTY COMPANY, et al., | Defendants. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

In April 2012, a fire destroyed several units in an apartment building owned by Plaintiff Willowbrook Investments, LLC. (Docket No. 1-1) At the time of the fire, Willowbrook held an apartment owner's insurance policy issued by Defendants Maryland Casualty Company, Zurich American Insurance Company, and Farmers Insurance. (*Id.*) Willowbrook brought this action against Defendants seeking to recover under the policy for the costs it incurred rebuilding the damaged apartments. (*Id.*) Defendants have filed a motion for judgment on the pleadings, arguing that Willowbrook's contract claim is untimely because it was not brought within two years of the date of the physical loss as required by the policy. (D.N. 14; D.N. 14-1) Willowbrook responds that the two-year contractual limitation is unenforceable because it contravenes public policy and violates Ky. Rev. Stat. § 304.14-370. (D.N. 15) For the reasons explained below, Defendants' motion will be granted in part and denied in part.

I.     **BACKGROUND**

The following facts are set out in the complaint and accepted as true for purposes of the present motion. *See Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

In December 2011, Defendants[1] issued to Willowbrook an apartment owner's insurance policy. (D.N. 1-1, PageID # 9-10) Under the policy, Defendants agreed to indemnify Willowbrook for losses it sustained on its property as a result of fire. (*Id.*, PageID # 10) In April 2012, while the policy was in effect, a fire destroyed nine units in the apartment building. (*Id.*) Willowbrook notified Defendants of the loss, and Defendants paid Willowbrook "for the depreciated cost of the damage" to the building. (*Id.*) However, Willowbrook was unable to rebuild the apartments until December 2016 due to "delays caused by governmental agencies in granting the necessary building permits." (*Id.*) After the rebuild was complete, Willowbrook requested payment for additional costs it incurred rebuilding the apartments. (*Id.*) Defendants denied the request. (*Id.*)

Willowbrook filed this action against Defendants in state court, alleging that Defendants breached the insurance policy and refused to pay in bad faith. (*Id.*, PageID # 11) Defendants removed the action to this Court. (D.N. 1) They have filed a motion for judgment on the pleadings, arguing that Willowbrook's contract claim is untimely and that the bad-faith claim must be dismissed as derivative of the contract claim. (D.N. 14-1) Willowbrook contends that the two-year contractual limitation in the policy is unenforceable because it was impossible under the circumstances to file suit within two years of the fire. (D.N. 15)

## II. STANDARD

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *CoMa Ins. Agency, Inc. v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child*

---

[1] The complaint alleges that Maryland Casualty Company issued the policy "under the auspices" of Zurich American Insurance Company and that Farmers Insurance "handled the claim." (D.N. 1-1, PageID # 9-10)

2

*Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the Federal Rules' pleading requirements and will not withstand a motion for judgment on the pleadings. *Id.* at 679; *see also CoMa Ins. Agency*, 526 F. App'x at 467. As is the case with a motion to dismiss, for purposes of a motion for judgment on the pleadings, the Court is required to "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill*, 409 F.3d at 716.

## III. ANALYSIS

Willowbrook asserts claims against Defendants for breach of contract and bad faith pursuant to Kentucky's Unfair Claims Settlement Practices Act. (D.N. 1)

### A. Breach of Contract

The policy provided: "No one may bring a legal action against us under this insurance unless . . . [t]here has been full compliance with all of the terms of this insurance; and . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (D.N. 14-2, PageID # 228; *see also* D.N. 1-1, PageID # 71)[2] The fire destroyed

---

[2] The Court "may consider exhibits attached to a motion for judgment on the pleadings 'so long as they are referred to in the Complaint and are central to the claims contained therein.'" *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). The policy here is referred to throughout the complaint and is central to Willowbrook's claims. (*See* D.N. 1-1, PageID # 8-12)

3

Willowbrook's apartments on April 11, 2012, but Willowbrook did not file this suit until July 24, 2017. (D.N. 1-1, PageID # 6-7, 10) Defendants argue that Willowbrook cannot prevail on a contract claim because it failed to file suit within two years of the fire as required by the policy. (D.N. 14-1, PageID # 220-22)

In the event of loss, the policy gave Defendants the option to pay the value of the damaged property, pay the cost of replacing the damaged property, take the property at an appraised value, or rebuild the property. (D.N. 1-1, PageID # 71) In this case, Defendants opted to pay the cost of replacing the apartments. (D.N. 16, PageID # 248; D.N. 15, PageID # 232) But under the policy, Defendants would not pay the replacement cost "[u]ntil the lost or damaged property [was] actually repaired or replaced." (D.N. 1-1, PageID # 72) The complaint alleges that "[d]ue to delays caused by governmental agencies in granting the necessary building permits," Willowbrook did not complete the rebuild until December 22, 2016. (*Id.*, PageID # 10) Because it was not entitled to payment until December 2016, more than two years after the fire, Willowbrook argues that it was "impossible under the given circumstances" to file suit within two years in accordance with the two-year contractual limitation. (D.N. 15, PageID # 233) Willowbrook maintains that if it had filed suit within two years of the fire, the suit "would have been dismissed as premature" because Willowbrook did not yet have the legal right to demand payment under the policy. (*Id.*, PageID # 235)

Under Kentucky law, "the terms of an insurance contract must control unless [they] contraven[e] public policy or a statute." *York v. Ky. Farm Bureau Mut. Ins. Co.*, 156 S.W.3d 291, 294 (Ky. 2005) (alterations in original) (quoting *Meyers v. Ky. Med. Ins. Co.*, 982 S.W.2d 203, 209 (Ky. Ct. App. 1997)). Willowbrook argues that the two-year contractual limitation in

4

the policy contravenes both public policy and a statute, Ky. Rev. Stat. § 304.14-370. (*See* D.N. 15, PageID # 234-37)

### 1. Public Policy

The Kentucky Supreme Court has recognized that "the establishment of public policy is not within the authority of the courts. . . . It is the prerogative of the legislature to declare that acts constitute a violation of public policy." *Ky. Farm Bureau Mut. Ins. Co. v. Thompson*, 1 S.W.3d 475, 476-77 (Ky. 1999) (citation omitted). Willowbrook has not pointed to any legislative authority suggesting that the two-year contractual limitation here is inconsistent with the public policy of Kentucky. Therefore, the Court finds that the two-year contractual limitation does not contravene public policy. *See Thompson*, 1 S.W.3d at 476-77; *see also Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054, 2012 WL 4959528, at *3 (W.D. Ky. Oct. 16, 2012) ("[B]ecause Kentucky has 'no statute proscribing contractual shortening of limitation periods' and, further, because Ky. Rev. Stat. § 304.14-370 'allows foreign insurers to limit actions against them to one year,' the public policy of Kentucky favors the enforcement of a provision whereby an insurer limits the time for bringing an action against it." (citation omitted)).

### 2. Ky. Rev. Stat. § 304.14-370

Section 304.14-370 provides:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues.

The Sixth Circuit has previously concluded that a one-year limitation on the right to sue an insurance company did not violate this statute. In *Smith v. Allstate Insurance Co.*, the policy provided that "[n]o suit or action [could] be brought against [the insurance company] unless there [had] been full compliance with all policy terms" and that "[a]ny suit or action must [have

been] brought within one year after the inception of loss or damage." 403 F.3d 401, 403 (6th Cir. 2005). The plaintiffs' properties were damaged by a fire in April 2000, but the plaintiffs did not bring suit against the insurance company until January 2002, four months after the company denied their claim. *Id.* at 403-04.

While the one-year statutory restriction on contractual limitations runs from the date of accrual, § 304.14-370, the one-year contractual limitation in *Smith* ran from "the inception of loss or damage." 403 F.3d at 403. "The logic of [§ 304.14-370]," the *Smith* court explained, "would seem to be that [the insurance company's] one-year limitation period is not valid unless, as a matter of law, an insured's cause of action accrues on the date of his or her loss." *Id.* at 404-05. The *Smith* court went on to recognize "a long line of Kentucky cases holding . . . that a cause of action does not accrue until the plaintiff has the right to institute and maintain a suit." *Id.* at 405 (citations omitted). But the court found that those cases were not controlling because (1) they did not involve § 304.14-370; and (2) Kentucky courts had "repeatedly enforced insurance contract provisions under which the time for suit began to run before the insured had a right to sue." *Id.* at 405 (citations omitted). The court ultimately concluded that "the limitations provision requiring the [plaintiffs] to sue [the insurance company] within one year of their loss, while prohibiting suit during a portion of that year, [was] not inconsistent with [Ky. Rev. Stat. § 304.14-370]." *Id.* The court based its conclusion on the fact that, under Kentucky law, "a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue." *Id.*

Since the Sixth Circuit decided *Smith*, federal district courts applying Kentucky law have struggled to understand the court's reasoning. *See Price v. AgriLogic Ins. Servs., LLC*, 37 F. Supp. 3d 885, 894 (E.D. Ky. 2014) ("[T]he *Smith* court left some significant questions

6

unanswered."); *Tennant v. Allstate Ins. Co.*, No. Civ.A. 04-54, 2006 WL 319046, at *6 (E.D. Ky. Feb. 10, 2006) ("[I]t is unclear to this Court how the Sixth Circuit arrived at the conclusion that the limitation provision in that case did not violate KRS § 304.14-370 as applied to the breach [of] contract claim at issue."). Nevertheless, *Smith*, along with "its implicit finding that the cause of action accrue[s] on the date of loss," remains good law and is therefore binding upon this Court. *Price*, 37 F. Supp. 3d at 894; *see also Wehr Constructors, Inc. v. Assurance Co. of Am.*, No. 5:11-CV-00189-TBR, 2013 WL 6331666, at 8-9 (W.D. Ky. Dec. 5, 2013) (relying on *Smith* to reject the plaintiff's argument that a cause of action does not accrue until the insured has a right to bring suit and noting that "[t]he Court is bound by clear Sixth Circuit precedent, even in the face of sensible arguments to the contrary"). "[T]he Sixth Circuit held that a limitation provision requiring a party to sue within one year of the loss complied with KRS § 304.14-370 . . . ." *Price*, 37 F. Supp. 3d at 894. Because the contractual limitation here sets a longer time period—two years—for a party to sue (D.N. 1-1, PageID # 71), the Court must find that the two-year contractual limitation in the policy issued by Defendants complies with Ky. Rev. Stat. § 304.14-370. *See Price*, 37 F. Supp. 3d at 894; *see also Tennant*, 2006 WL 319046, at *3 ("[T]he [plaintiffs] assert a claim that [the insurance company] breached the implied covenant of good faith and fair dealing but do not assert a claim that [the company] breached the express terms of the policy. Any such claim would be time-barred pursuant to *Smith* . . . .").

A limitation provision "may nonetheless be unenforceable if it did not allow the [plaintiff] a reasonable time to sue."[3] *Smith*, 403 F.3d at 405; *see also Myers v. AgriLogic Ins.*

---

[3] The Sixth Circuit in *Smith* did not clarify how this exception interacts with the general rule that "the terms of an insurance contract must control unless [they] contraven[e] public policy or a statute." *York*, 156 S.W.3d at 294. But the reasonableness standard is well established in Kentucky law, as shown by the cases cited by the Sixth Circuit in *Smith*. *See* 403 F.3d at 405 (citing *Ashland Fin. Co. v. Hartford Accident & Indem. Co.*, 474 S.W.2d 364, 366 (Ky. 1971);

7

*Servs., LLC*, 694 F. App'x 373, 375 (6th Cir. 2017) (discussing *Smith* and restating reasonableness exception to enforceability of limitations provision); *Hobbs v. Am. Sec. Ins. Co.*, No. 3:08-CV-00471-TBR, 2009 WL 366325, at *2 (W.D. Ky. Feb. 13, 2009) ("Under the Sixth Circuit's understanding, the only way a limitations clause would be unenforceable under Kentucky law would be if it did not leave the insured a reasonable time in which to sue."). Willowbrook argues that the two-year contractual limitation here is unreasonable "since the terms of the Policy render it impossible for Willowbrook to fully recover under the Policy for which it paid." (D.N. 15, PageID # 239; *see also id.*, PageID # 236 ("It is simply unreasonable in these particular circumstances for the Policy to require the insured to sue the insurer before a cause of action arises . . . .")) Defendants respond that "Willowbrook did not plead that it informed Maryland [Casualty] of delays getting permits," and that, had it kept in contact, "Willowbrook could have asked Maryland [Casualty] to enter a tolling agreement." (D.N. 16, PageID # 251-52)

The Court's analysis of whether Willowbrook had a reasonable time to sue is heavily dependent upon the facts of this particular case. *See Smith*, 403 F.3d at 402 ("We agree that the limitations provisions were valid under applicable state law (the law of Kentucky) and were enforceable against the plaintiffs *in the circumstances presented here*." (emphasis added)). In *Smith*, the Sixth Circuit concluded that a one-year contractual limitation was reasonable because had the plaintiffs timely produced the information requested by the insurance company, they would have had six months to sue. *Id.* at 405-06. Further, the court attributed the delay in the plaintiffs' ability to sue at least in part to their own "dilatoriness" in submitting proof-of-loss

---

*Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17, 19 (Ky. Ct. App. 1978)); *see also Price*, 37 F. Supp. 3d at 894 ("In *Smith*, the court acknowledged that the accrual issue did not end its inquiry, as a suit limitation provision may still be unenforceable if it does not give a party a reasonable time to sue.").

statements to the company. *See id.* at 406. Similarly, the Eastern District of Kentucky rejected the plaintiffs' argument that they did not have a reasonable time to bring suit; in that case, the plaintiffs had two and a half months after the denial of their claim to bring suit. *Myers v. Agrilogic Ins. Servs., LLC*, No. 14-cv-227-JMH, 2015 WL 1468239, at *3 (E.D. Ky. Mar. 30, 2015), *aff'd in relevant part*, 694 F. App'x 373 (6th Cir. 2017).

According to Willowbrook's complaint, "Willowbrook gave due notice of proof of the loss to the Defendants," but "[d]ue to delays caused by governmental agencies in granting the necessary building permits over which Willowbrook had no control, Willowbrook was unable to complete the rebuild" until December 2016. (D.N. 1-1, PageID # 10) The Court must accept these facts as true at this stage of the proceedings. *See Hill*, 409 F.3d at 716.

Under the policy, Willowbrook was not entitled to payment for the rebuild "[u]ntil the lost or damaged property [was] actually repaired or replaced." (D.N. 1-1, PageID # 72) Due to delays that were beyond Willowbrook's control, the apartments were not rebuilt until December 22, 2016. (*Id.*, PageID # 10) But the two-year contractual limitation expired on April 11, 2014, two years after "the date on which the direct physical loss or damage [i.e., the fire] occurred." (*See id.*, PageID # 71, 10) The Court agrees with Willowbrook that under these circumstances, it was unreasonable to require Willowbrook to bring suit within two years of the fire.[4] Unlike the

---

[4] The additional cases relied upon by Defendants do not alter the Court's conclusion, as they either are factually distinguishable from the present case or did not address at this stage the issue of reasonableness. *See Lackey v. Prop. & Cas. Ins. Co. of Hartford*, No. 3:15-CV-238-CHL, 2017 WL 4685235, at *6 (W.D. Ky. Oct. 18, 2017) (concluding that two-year contractual limitation was reasonable at summary-judgment stage where the plaintiffs' delay in filing suit was caused by their nearly two-year absence from the damaged property); *Collins v. State Farm Fire & Cas. Co.*, No. 6:13-237-DCR, 2014 WL 7152725, at *2 (E.D. Ky. Dec. 15, 2014) (rejecting the plaintiff's argument that one-year limitations period was unreasonable where she had more than two months after the insurance company denied her claim to bring suit); *Brantley*, 2012 WL 4959528, at *3-4 (finding that one-year contractual limitation was reasonable where the plaintiff apparently did not challenge the reasonableness of the limitation, instead arguing

plaintiffs in *Smith* and *Myers*, who had at least some time during which to file suit under their respective policies, *see* 403 F.3d at 405-06; 694 F. App'x at 375-76, it appears at this stage that Willowbrook had *no time* to file suit, as the two-year limitation had expired by the time Willowbrook was entitled to payment. The Court is unable to conclude based on these facts that Willowbrook had "a reasonable time to sue" under Kentucky law.[5] *See Smith*, 403 F.3d at 405; *see also Ashland Fin. Co.*, 474 S.W.2d at 366 ("The only question, we think, is whether the ultimate limitation period is unreasonably short."). Defendants' motion for judgment on the pleadings will therefore be denied as to the breach-of-contract claim.

B. **Bad Faith**

Willowbrook also brings a claim against Defendants for bad faith pursuant to the Kentucky Unfair Claims Settlement Practices Act. (D.N. 1-1, PageID # 11) Willowbrook argues that Defendants "had no good cause for [their] refusal to pay" and that the refusal "was willful and for the purpose of injuring Willowbrook." (*Id.*) Defendants argue that Willowbrook's bad-faith claim fails because their liability under the policy was not "beyond dispute." (D.N. 16, PageID # 253-54)

Bad-faith claims under the Kentucky Unfair Claims Settlement Practices Act are governed by the following three-factor test:

---

unsuccessfully that a regulation precluded enforcement of the limitation); *Edbrook v. Ohio Cas. Ins. Co.*, No. 3:10-CV-297-CRS, 2011 WL 6130917, at *2-3 (W.D. Ky. Dec. 8, 2011) (not addressing reasonableness); *Edmondson v. Pa. Nat'l Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 756-57 (Ky. 1989) (not addressing reasonableness).

[5] The Court is not persuaded by Defendants' argument that allowing Willowbrook's breach-of-contract claim to proceed would enlarge the risk to the defendant insurers in violation of Kentucky law. (*See* D.N. 16, PageID # 251) It is true that "courts should not rewrite an insurance contract to enlarge the risk to the insurer." *Brown v. Ind. Ins. Co.*, 184 S.W.3d 528, 541 (Ky. 2005) (quoting *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 226-27 (Ky. 1994)). But Defendants cite no authority, and the Court is aware of none, indicating that a court's refusal to enforce a limitation provision on reasonableness grounds constitutes rewriting of the contract.

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed[.]

*State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 197 (6th Cir. 2015) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). "Under Kentucky law, 'an insured's claim of bad faith must fail where the claim is "fairly debatable" on the law or the facts.'" *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 659 (W.D. Ky. 2012) (quoting *Cowan v. Paul Revere Life Ins. Co.*, 30 F. App'x 384, 387 (6th Cir. 2002)), *aff'd*, 732 F.3d 645 (6th Cir. 2013).

The Court finds that the validity of the two-year contractual limitation here presented a "fairly debatable" issue of law. The caselaw on the issue of reasonableness after *Smith* was both limited and factually distinguishable from the present case. Moreover, as Defendants point out (*see* D.N. 16, PageID # 252, 254), most of the cases addressing suit limitations under Kentucky law have concluded that the limitations were enforceable, albeit on substantially different facts. Because the Court finds that Willowbrook's insurance claim was debatable, the bad-faith claim must fail. *See Phila. Indem. Ins. Co.*, 857 F. Supp. 2d at 659. The Court will therefore grant Defendants' motion for judgment on the pleadings as to Willowbrook's bad-faith claim. *See id.* at 659-60 (finding that legal issue was "fairly debatable" and dismissing bad-faith claim where the issue had "not previously [been] addressed under Kentucky law"); *Phelps v. Unum Provident Corp.*, No. 3:03-CV-226-JDM, 2006 WL 2846976, at *5 (W.D. Ky. Sept. 29, 2006) (finding that bad-faith claims were insufficient as a matter of law where "the status of Kentucky law" on the issue was "fairly debatable").

## IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendants' motion for judgment on the pleadings (D.N. 14) is **GRANTED** in part and **DENIED** in part. Willowbrook's bad-faith claim is **DISMISSED**. Willowbrook's breach-of-contract claim may proceed.

**IT IS FURTHER ORDERED** that the **STAY** of discovery (D.N. 20) is **HEREBY LIFTED**. Discovery may proceed following entry of an amended scheduling order by Magistrate Judge Colin H. Lindsay.

June 27, 2018

**David J. Hale, Judge**
**United States District Court**